UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

R. WAYNE JOHNSON                                CIVIL ACTION

VERSUS                                          NO. 18-6735

LYLE CAYCE, ET AL.                              SECTION: "B"(2)

## ORDER AND REASONS

Before the Court are the Magistrate Judge's Report and Recommendation to dismiss plaintiff R. Wayne Johnson's suit pursuant to 42 U.S.C. § 1983 (Rec. Doc. 5), plaintiff's objections to the Report and Recommendation (Rec. Doc. 6), and plaintiff's amendment/supplement (Rec. Doc. 7). For the reasons discussed below,

**IT IS ORDERED** that plaintiff's objections are **OVERRULED** and the Report and Recommendation are **ADOPTED** as the Court's opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 16, 2018, plaintiff, a prisoner incarcerated in the Texas Department of Criminal Justice, filed suit pursuant to 42 U.S.C. § 1983 alleging that he has been the victim of mail crimes, obstruction of justice, and retaliation. *See* Rec. Doc. 1. On July 23, 2018, the Clerk of Court mailed plaintiff a Notice of Deficient Filing for failure to submit a filing fee and to submit the approved forms by this Court. *See* Rec. Doc. 2. In this notice, the Court required plaintiff to either submit the full filing fee or, alternatively, complete a straight-forward application

1

that asks permission to proceed as a pauper. *See id*. In addition, the notice required plaintiff to submit the complaint on the approved court forms. *See id*. The Notice of Deficient Filing, along with the requested documents, were mailed to Plaintiff at the address provided for in the complaint. *See id*. However, Plaintiff did not directly respond to the notice. Instead, on August 13, 2018, Plaintiff filed a motion for recusal. *See* Rec. Doc. 3. While plaintiff did not file a direct response to the Notice of Deficient Filing nor submit any of the requested documents, plaintiff did state that the application to proceed as a pauper violated the 1974 Privacy Act. *See id.* at 2. Subsequently, this Court denied plaintiff's motion for recusal finding that the motion did not provide any grounds for recusal and that the complaint was deficient. *See* Rec. Doc. 4.

On August 29, 2018, Magistrate Judge Joseph Wilkinson, Jr. entered his findings and recommendation. *See* Rec. Doc. 5. Although the Magistrate Judge recognized plaintiff's failure to comply with court orders as grounds for dismissal, the judge also provided Plaintiff an additional opportunity to respond to the Clerk's notice of deficiency. *See id.* at 3. Nevertheless, the judge recommended that plaintiff's suit be dismissed if plaintiff did not object to these findings or provide the necessary documentation. On September 4, 2018, plaintiff filed his objections, and then on September 10, 2018, plaintiff filed an

amendment/supplement. *See* Rec. Doc. Nos. 6, 7. Both documents repeat statements made in plaintiff's complaint, alleging that the court lacks jurisdiction and that ordered forms violate the Privacy Act of 1974. *See id.*

**LAW AND ANALYSIS**

Pursuant to Federal Rules of Civil Procedure Rule 41(b), the court may dismiss an action for failure to prosecute or comply with any court order. *See* Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991). Such dismissal lies within the discretion of the court, and is only reviewed for abuse of discretion. *See Marshall v. Batts*, 707 Fed. App'x 286, 287 (5th Cir. 2017); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). According to the Fifth Circuit, a dismissal with prejudice is an extreme sanction that should be used with caution. *See Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996). To dismiss a suit with prejudice for failure to prosecute, the Fifth Circuit requires a record of "delay or contumacious conduct by the plaintiff" and that a lesser sanction would or has been futile. *See id*. In addition, one of three aggravating factors is needed, such as the delay is caused by the plaintiff himself and not the attorney; the delay results from intentional conduct; or there is actual prejudice to the defendant. *See id*.

In *Gist*, the court held that the district court was within its discretion to dismiss the plaintiff's suit. *See id.* at 478.

The court found that not only did the plaintiff ignore multiple court orders and fail to comply with certain disclosure requirements, but the plaintiff was warned of the possibility of dismissal of his case. Due to the plaintiff's failure and refusal to comply, the court concluded that the plaintiff was willfully disobedient and that it was through his fault alone[1] that caused the delay. *See id.* at 477-78.

Similarly, in *Larson*, the court held that the magistrate judge did not abuse its discretion in dismissing the case. *See Larson*, 157 F.3d at 1032. In *Larson*, the *pro se* appellant was given repeated warnings to file an affidavit and certified copy of his inmate trust fund account statement. *See id*. Even after informing Larson of the consequences for failure to comply and giving him more than four months to produce the documents, Larson ignored the warnings. *See id*. Instead, Larson filed an objection and asked the district court to rescind the order. *See id.* at 1031. Nevertheless, the court affirmed the dismissal for want of prosecution.

Upon review, plaintiff's objections should be denied because plaintiff has failed to comply with the orders of the court. Plaintiff, like the litigants in *Gist* and *Larson*, has failed to answer valid non-complex court orders

---

[1] Plaintiff was *pro se*, so the court found that the aggravating factor of self-delay was "obviously established." *Gist*, 165 F.R.D. at 477.

and produce necessary documents to prosecute the case. In addition, plaintiff has been given multiple warnings of such deficiency and told of the consequences. Like the plaintiff in *Gist*, this Court finds that in addition to the record of delay due to plaintiff's conduct, plaintiff is the exclusive cause for such delay. This Court has given plaintiff multiple opportunities to comply with the rules of court.[2] However, plaintiff has refused to comply with those rules and instead proceeded to make frivolous objections ignoring the rules and court orders. Therefore, this Court finds that a dismissal with prejudice is proper given the circumstances of the case.

While plaintiff is *pro se*, courts have repeatedly held that *pro se* litigants must still comply with the rules of procedure. *See, e.g., Thorn v. McGary*, 684 Fed. App'x 430, 433 (5th Cir. 2017); *Jones v. FJC Sec. Servs.*, 612 Fed. App'x 201, 203 (5th Cir. 2015); *Houston v. Queen*, 606 Fed. App'x 725, 730 (5th Cir. 2015). Even though *pro se* parties are given leniency, the right of self-representation does not exempt this plaintiff from following clear procedural and substantive laws. *See Thorn*, 684 Fed. App'x at 433.

---

[2] The notice of deficient filing, the order in response to Plaintiff's motion, and the magistrate judge's report and recommendations all put Plaintiff on notice of his failure to comply with the rules and the necessary consequences.

5

Plaintiff's contentions of a right to counsel in this civil action and his objection to jurisdiction lack factual or legal support.

New Orleans, Louisiana, this 13th day of March, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE